UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                     Case No. 1:22-cr-20587

v.                                              Honorable Thomas L. Ludington
                                                    United States District Judge

DAYLONTRE LAQWAN BROOKS,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR BOND**

Defendant seeks bond via revocation of the magistrate judge's detention order. To that end, he notes that he is a young, small-time drug seller suffering from addiction and not associated with a larger organization such that intensive drug treatment would be a more constructive and cost-efficient use of taxpayer dollars. The Government opposes his request.

The question presented is whether there are conditions of release that will reasonably assure Defendant's appearance as required and the safety of any other person and the community based on such factors as the nature and circumstances of the offense charged, the weight of the evidence, the history and characteristics of Defendant, and the nature and seriousness of the danger posed by his release.

**I.**

On November 9, 2022, Defendant Daylontre Brooks was indicted for possession with intent to distribute fentanyl, 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii), possession of a firearm in furtherance of a drug-trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i), and felon in possession of a firearm, 18 U.S.C. § 922(g)(1). ECF No. 1.

Following a detention hearing on January 6, 2023, Magistrate Judge Curtis Ivy, Jr., ordered Defendant's detention, finding that no condition or combinations of conditions of release would reasonably assure the safety of the community. ECF No. 17.

Defendant now argues for release on bond, claiming that he suffers from a drug addiction and has been accepted to Odyssey House. ECF No. 19. However, these facts were already known and considered by Judge Ivy during the detention hearing, where it was determined that no bond conditions could adequately protect the community. As explained hereafter, this Court reaches the same conclusion.

## II.

The district court reviews a magistrate judge's pretrial detention order *de novo*, making an independent determination of the proper pretrial detention or conditions for release. *United States v. Amir*, No. 1:10-CR-00439, 2011 WL 2711350, at *3 (N.D. Ohio July 13, 2011) (quoting *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992)). The court need not defer to the magistrate judge's ultimate conclusion nor start from scratch yet must engage in some independent review of the decision. *United States v. Yamini*, 91 F.Supp.2d 1125, 1128 (S.D. Ohio, 2000) (quoting *United States v. Koenig*, 912 F.2d 1190, 1192 (9th Cir. 1990)).

There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person or the safety of the community if the person is charged with an offense for which the maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substance Act, 21 U.S.C. § 801 *et seq.*, or it is an offense under 18 U.S.C. § 924(c). 18 U.S.C. § 3142(e)(3)(A)–(B).

The Indictment in this case includes charges that meet these criteria, creating a rebuttable presumption that Defendant should be detained, which he has not addressed. *See generally* ECF No. 19. Yet the merits of his arguments will be considered.

In determining whether there are conditions of release that will reasonably assure the defendant's appearance and the safety of the community, the court must consider the four factors outlined in 18 U.S.C. § 3142(g).

<u>Nature and Circumstances of the Offense Charged</u>. Defendant was found in possession of a loaded semiautomatic pistol, 336 grams of fentanyl, approximately 28 grams of methamphetamine, $11,423 stashed under a floor vent, and additional evidence of narcotics sales. ECF No. 22 at PageID.59. Fentanyl is known for its high potential for addiction and overdose, and its illicit distribution contributes to the ongoing opioid crisis, which poses a severe threat to public health and safety. The presence of firearms in the context of drug trafficking further escalates the level of danger associated with the offense. The loaded semiautomatic pistol suggests a readiness to use or to engage in armed confrontations, heightening the risk to law enforcement, innocent bystanders, and potential rivals or competitors in the illicit drug trade. The substantial quantities suggest a potential for widespread distribution and the negative impact on people and communities affected by drug addiction and related criminal activities. And Large sums of cash associated with drug trafficking can fuel further criminal behavior, increase the risk of violence, and undermine the safety and well-being of the community.

Taken together, these circumstances present a compelling case for the seriousness of the offense and the potential danger posed by Defendant's involvement in drug trafficking. The significant quantity of fentanyl, the possession of a loaded firearm, the presence of additional illicit

substances, the substantial amount of money, and the evidence of narcotics sales collectively demonstrate the gravity of Defendant's actions and their potential impact on public safety.

Weight of the Evidence. The evidence against Defendant, particularly regarding his continued drug-trafficking activities and possession of firearms, weighs strongly against his release. *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010). Defendant has a prior conviction for felony weapons, demonstrating a history of unlawful firearm possession. And, after the above-mentioned evidence was seized from his house, Defendant continued to engage in drug trafficking when agents conducted two additional controlled buys of Fentanyl from him, resulting in a second search warrant on a different location that was executed at the time of his arrest. ECF No. 22 at PageID.60. There, officers seized another loaded firearm—which was stolen—an additional 6.8 grams of Fentanyl, cutting agents, digital scales, baggies, and $5,000. *Id.*

The evidence, including Defendant's continued drug dealing, heavily weigh against his release. *See United States v. Morgan*, No. 1:09-CR-20254, 2023 WL 2072084, at *5 (E.D. Mich. Feb. 17, 2023) ("Society as a whole is the victim when illegal drugs are being distributed in its communities." (quoting *United States v. Green*, 532 F.3d 538, 549 (6th Cir. 2008))).

History and Characteristics of the Defendant. Defendant's mental-health and substance-abuse history reflect no obvious issues. But there are substantial concerns raised by his limited ties to the community, his employment status, and his 2019 probation violation. It is thus unclear whether he can comply with supervision or will engage in more criminal activity, so this factor is neutral.

Nature and Seriousness of the Danger Posed. The danger of Defendant's potential release is significant. His repeated involvement in drug trafficking and possession of a stolen, loaded

- 5 -

firearm with a round in the chamber, *see* ECF No. 22 at PageID.59, raises obvious concerns about the safety of the community.

After a thorough review of the relevant factors, including the nature and circumstances of the offense, the weight of the evidence, Defendant's history and characteristics, and the danger posed by his potential release, this Court finds that no conditions of release will reasonably assure Defendant's appearance or the safety of the community. So Defendant's motion for revocation of detention order will denied, and he will remain detained pending trial.

### III.

Accordingly, it is **ORDERED** that Defendant's Motion for Revocation of Detention Order, ECF No. 19, is **DENIED**.

**This is not a final order and does not close the above-captioned case**.

Dated: August 1, 2023                    s/Thomas L. Ludington
                                         THOMAS L. LUDINGTON
                                         United States District Judge